UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-474-1D(3)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| TRACEY CATHEY MCNEILL ) | |
| ) | |

The Grand Jury charges:

## INTRODUCTION

At all times relevant to this Indictment:

1. The Department of Veterans Affairs ("VA"), a cabinet-level department of the United States, administered a compensation benefits program that awarded monetary payments to veterans for a disability or disabilities that occurred during their service to the United States. The VA did not recognize any individual as a veteran's power of attorney unless the VA assigned that designation through its accreditation process or through its General Counsel. The VA appointed fiduciaries to act on a veteran's behalf only after the veteran was rated incompetent for VA purposes and granted an opportunity to engage in the appeals process. Once appointed, fiduciaries were permitted to make changes to a veteran's record, including updates to the veteran's address, telephone number, and direct deposit information. A durable power of attorney without a VA fiduciary appointment was not authorized to make the aforementioned changes to a veteran's record.

1

2. The United States Office of Personnel Management ("OPM") managed and oversaw the Civil Service Retirement System ("CSRS") and the Federal Employees Retirement System ("FERS"). CSRS and FERS were benefit systems afforded to federal employees, known as annuitants, upon retirement from federal service. OPM also operated the Federal Employees Group Life Insurance ("FEGLI") program, which provided term life insurance coverage for active federal employees. As a policy, OPM would not make payee changes to an annuitant's account based on a power of attorney or the existence of a joint account with the annuitant at a financial institution. In cases where an annuitant could no longer manage their own benefits, OPM required that the payments be made to a court-appointed fiduciary or OPM-selected representative payee. Payments were made to a court-appointed fiduciary or OPM-selected representative with the clear understanding that the funds would be used or conserved for the benefit of the annuitant.

3. W.R. received a monthly disability benefit from the VA that ranged from $445.18 to $587.36, and a monthly retirement benefit from OPM that ranged from $3,065.50 to $3,066.30. The VA and OPM processed the benefits payments outside of North Carolina. W.R. also had a FEGLI policy.

4. Beginning in or around February 2015, and continuing through in or around February 2017, in the Eastern District of North Carolina and elsewhere, the defendant, TRACEY CATHEY MCNEILL, devised and intended to devise a scheme and artifice to defraud the VA and OPM by obtaining disability, retirement, and life insurance benefits intended for W.R. and utilizing the funds for her personal use.

2

5. It was part of the scheme and artifice to defraud that on or about February 11, 2015, MCNEILL obtained a durable power of attorney ("POA") over W.R.'s financial and healthcare matters. W.R. had been previously diagnosed with dementia. His medical records indicated an inability to recall recent events and impaired decision-making for a period that included February 2015. MCNEILL recorded the POA at the Cumberland County Register of Deeds Office on or about May 5, 2015.

6. It was further part of the scheme and artifice to defraud that on or about February 20, 2015, MCNEILL signed a direct deposit authorization form directing W.R.'s VA benefits to her Fort Sill National Bank ("FSNB") account ending in 6286 without a fiduciary appointment from the VA.

7. It was further part of the scheme and artifice to defraud that on or about February 25, 2015, the direct deposit information for W.R.'s retirement benefits was changed to reflect MCNEILL's FSNB account ending in 6286 without the required court-appointed fiduciary or OPM-selected representative payee designations.

8. It was further part of the scheme and artifice to defraud that on or about March 20, 2015, MCNEILL added W.R. to her FSNB account ending in 6286 as a joint accountholder. The VA and OPM began depositing W.R.'s benefits into MCNEILL's account on or about April 1, 2015.

9. It was further part of the scheme and artifice to defraud that on or about June 25, 2015, MCNEILL completed two designation of beneficiary forms that identified MCNEILL as the sole beneficiary of W.R.'s retirement benefits and FEGLI

3

proceeds. W.R. died on December 7, 2016, at the age of 68, from cardiopulmonary arrest due to end stage dementia, Stage IV decubitus ulcers, and dysphagia.

10. It was further part of the scheme an artifice to defraud that on or about December 8, 2016, MCNEILL contacted OPM's Office of Federal Employees Group Life Insurance to provide notice of W.R.'s death and request the paperwork to file a claim. MCNEILL submitted the death claim and application for death benefits on or about January 21, 2017. W.R.'s life insurance policy contained a total benefit of approximately $25,840.00. After deducting the cost of W.R.'s funeral, OPM mailed MCNEILL a check in the amount of approximately $17,533.27 on or about February 22, 2017.

11. Between on or about April 1, 2015, and on or about November 1, 2016, the VA deposited approximately $11,151.15 into MCNEILL's FSNB account ending in 6286. During that time frame, OPM deposited approximately $61,318.80 into the same account.

12. The total loss to the VA and OPM between April 2015, and February 2017, is approximately $90,003.22.

## COUNTS ONE THROUGH THIRTEEN

13. Paragraphs 1 through 12 are re-alleged and incorporated herein as though fully set forth in these counts.

14. On or about the dates set forth below, each date constituting a separate count of this Indictment, in the Eastern District of North Carolina and elsewhere, the defendant, TRACEY CATHEY MCNEILL, having devised and intended to devise the

4

above-described scheme and artifice to defraud, for the purpose of executing and attempting to execute said scheme and artifice, transmitted and caused to be transmitted, by wire and radio communications, in interstate and foreign commerce, the writing, signs, signals, pictures, and sounds described in the chart below, specifically W.R.'s VA disability benefits deposited into MCNEILL's Fort Sill National Bank account ending in 6286, all in violation of Title 18, United States Code, Section 1343:

| COUNT | DATE (on or about) | AMOUNT |
|---|---|---|
| 1 | October 30, 2015 | $587.36 |
| 2 | December 1, 2015 | $499.59 |
| 3 | December 31, 2015 | $585.42 |
| 4 | February 1, 2016 | $587.36 |
| 5 | March 1, 2016 | $587.36 |
| 6 | April 1, 2016 | $445.18 |
| 7 | April 29, 2016 | $587.36 |
| 8 | June 1, 2016 | $587.36 |
| 9 | July 1, 2016 | $587.36 |
| 10 | August 1, 2016 | $453.26 |
| 11 | September 1, 2016 | $587.36 |
| 12 | September 30, 2016 | $587.36 |
| 13 | November 1, 2016 | $587.36 |

## COUNTS FOURTEEN THROUGH TWENTY-SIX

15. Paragraphs 1 through 12 are re-alleged and incorporated herein as though fully set forth in these counts.

16. On or about the dates set forth below, each date constituting a separate count of this Indictment, in the Eastern District of North Carolina and elsewhere, the defendant TRACEY CATHEY MCNEILL, having devised and intended to devise the

5

above-described scheme and artifice to defraud, for the purpose of executing and attempting to execute said scheme and artifice, transmitted and caused to be transmitted, by wire and radio communications, in interstate and foreign commerce, the writing, signs, signals, pictures, and sounds described in the chart below, specifically W.R.'s OPM-issued retirement benefits deposited into MCNEILL's Fort Sill National Bank account ending in 6286, all in violation of Title 18, United States Code, Section 1343:

| COUNT | DATE (on or about) | AMOUNT |
|---|---|---|
| 14 | November 2, 2015 | $3,065.50 |
| 15 | December 1, 2015 | $3,065.50 |
| 16 | January 4, 2016 | $3,066.30 |
| 17 | February 1, 2016 | $3,066.30 |
| 18 | March 1, 2016 | $3,066.30 |
| 19 | April 1, 2016 | $3,066.30 |
| 20 | May 2, 2016 | $3,066.30 |
| 21 | June 1, 2016 | $3,066.30 |
| 22 | July 1, 2016 | $3,066.30 |
| 23 | August 1, 2016 | $3,066.30 |
| 24 | September 1, 2016 | $3,066.30 |
| 25 | October 3, 2016 | $3,066.30 |
| 26 | November 1, 2016 | $3,066.30 |

COUNT TWENTY-SEVEN

17.    Paragraphs 1 through 12 are re-alleged and incorporated herein as though fully set forth in these counts.

18.    On or about February 22, 2017, in the Eastern District of North Carolina and elsewhere, the defendant TRACEY CATHEY MCNEILL, having devised a scheme and artifice to defraud, and to obtain money and property by means of

6

materially false and fraudulent pretenses, representations, and promises, did, for the purpose of executing such scheme and artifice, and attempting so to do, place in a post office and authorized depository for mail matter, and deposit and cause to be deposited to be sent by private and commercial mail interstate carrier, and take and receive therefrom, and knowingly cause to be delivered by mail and such carrier according to the direction thereon, W.R.'s life insurance proceeds.

Specifically, MCNEILL caused OPM to place a $17,533.27 life insurance check in the mail. OPM issued the check as a result of MCNEILL's beneficiary designation on or about June 25, 2015, and her death claim on or about December 8, 2016.

All in violation of Title 18, United States Code, Section 1341.

## FORFEITURE NOTICE

Upon conviction of the offenses set forth in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations.

The forfeitable property includes, but is not limited to, the gross proceeds of the offenses described above in Counts One through Twenty-Seven in the amount of at least ninety thousand, three dollars and twenty-two cents ($90,003.22) in U.S. currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

7

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

10/20/2020
DATE

ROBERT J. HIGDON, JR.
United States Attorney

TAMIKA GRIFFIN MOSES
Special Assistant United States Attorney

8