IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:20-CR-00474-D

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | **MOTION FOR PRELIMINARY** |
| v. | : | **ORDER OF FORFEITURE** |
| | : | |
| TRACEY CATHEY MCNEILL | : | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully requests that the Court enter, pursuant to Fed. R. Crim. P. 32.2, the proposed Preliminary Order of Forfeiture filed herewith.

In support of this motion, the Government shows unto the Court the following:

1. On October 21, 2020, the defendant was charged in a Criminal Indictment with offenses in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1341. The Indictment provided notice to the defendant that pursuant to 18 U.S.C. § 981(a)(1)(C), the United States would seek to forfeit any property with the requisite nexus to the offenses charged as set forth more particularly in the Forfeiture Notice, including but not limited to the below-listed property. The government also provided notice that, in the event such property cannot be located, it would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

2. On July 12, 2021, the defendant entered a plea of guilty pursuant to a written Plea Agreement as to Count One of the Criminal Indictment; specifically, to

1

an offense in violation of 18 U.S.C. § 1343. The Memorandum of Plea Agreement memorializes the defendant's consent to the forfeiture of the subject property.

3. Criminal forfeiture is a mandatory element of a defendant's sentence in cases where Congress has legislated forfeiture authority. *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014). Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that as soon as practicable after an adjudication of guilt, "the court must determine what property is subject to forfeiture under the applicable statute" by ascertaining whether "the requisite nexus" or connection between the property and the offense exists or, if directly forfeitable property is unavailable, the equivalent "amount of money" that the defendant will be ordered to satisfy through the forfeiture of substitute assets. The Government's burden of proof as to the issue of forfeiture is by a preponderance of the evidence. *United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995). The Court may make its forfeiture determination based on "evidence already in the record, including any written plea agreement, and on any additional evidence submitted by the parties and accepted by the court as relevant and reliable," including in reliance on hearsay and circumstantial evidence. Fed. R. Crim. P. 32.2(b)(1)(B); *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005). Once a court determines that forfeiture is appropriate, the court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Fed. R. Crim. P. 32.2(b)(2)(A).

2

Case 5:20-cr-00474-D   Document 36   Filed 10/08/21   Page 2 of 6

4. Pursuant to 18 U.S.C. § 981(a)(1)(C), a defendant convicted of any offense constituting "specified unlawful activity" as defined by 18 U.S.C. §§ 1956(c)(7) and 1961(1), including, *inter alia*, violations of 18 U.S.C. § 1343, shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. This civil forfeiture authority is made applicable to criminal proceedings by virtue of 28 U.S.C. § 2641(c).[1]

5. In determining the proceeds traceable to wire fraud in violation of 18 U.S.C. § 1343, "[b]ecause the object of wire fraud is to further a fraudulent scheme, the proceeds of wire fraud necessarily include the proceeds of the scheme itself," not just the specific payment(s) attributable to the individual count or counts to which the defendant pleads or is found guilty. *United States v. Davis*, No. 3:20-cr-00575-X, 2021 WL 3912868, at *2 (N.D. Tex. Sept. 1, 2021). Accordingly, the proper measure of forfeitable proceeds is the proceeds of the scheme to defraud alleged in the indictment. *United States v. Lo*, 839 F.3d 777, 792–94 (9th Cir. 2016); *see also United States v. Cox*, 851 F.3d 113, 128-29 (1st Cir. 2017); *United States v. Budden*, 2012 WL

---

[1] Property is forfeitable as "proceeds" if it satisfies the "but for" test; that is, if the defendant "'would not have [obtained or retained the property] *but for* the criminal offense.'" *United States v. Farkas*, 474 F. App'x 349, 360 (4th Cir. 2012) (summarizing and quoting caselaw); 18 U.S.C. § 1956(c)(9) (defining proceeds as "property derived from or obtained or retained … through some form of unlawful activity"). The proper measure is the total gross receipts (not the net gain or profit realized) of any offense involving the illegal goods, illegal services, unlawful activities, and telemarketing and health care fraud schemes. 18 U.S.C. § 981(a)(2)(A). Additionally, "the law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture," but rather allows courts to "'use general points of reference as a starting point' for a forfeiture calculation and 'make reasonable extrapolations' supported by a preponderance of the evidence." *United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) (citation omitted).

1315366, at *3 (D.S.C. Apr. 17, 2012). For example, in *United States v. Venturella*, the Seventh Circuit held that it was appropriate to forfeit the full proceeds of a fraud scheme described in a criminal indictment ($114,313) when the defendant had pled guilty to a single count of mail fraud related to mailing a check for $477.90. 585 F.3d 1013, 1018 (7th Cir. 2009).

6. Pursuant to the defendant's guilty plea, the stipulations in the Plea Agreement, and the entire record of the case, *see, e.g.*, Presentence Investigation Report ¶¶ 8–35, the Government requests that the Court enter, as the statute requires, a Preliminary Order of Forfeiture regarding the following directly forfeitable property in which the defendant (or any combination of defendants in this case) has or had a forfeitable interest:

<u>Forfeiture Money Judgment:</u>

a) A sum of money in the amount of $90,003.22, representing the gross proceeds personally obtained by the defendant as a result of the said offense(s) for which he has been convicted; and an amount for which the defendant shall be solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p).[2]

WHEREFORE, the Government respectfully requests the Court to enter the attached proposed Preliminary Order and Judgment of Forfeiture.

---

[2] In her Plea Agreement, the defendant agreed to forfeit this amount as representing the amount of proceeds she obtained that were traceable to the commission of the offense.

Respectfully submitted this 8th day of October, 2021.

                G. NORMAN ACKER, III
                Acting United States Attorney

                BY: /s/ John E. Harris
                      JOHN E. HARRIS
                Assistant United States Attorney
                Attorney for Plaintiff
                Civil Division
                150 Fayetteville Street, Suite 2100
                Raleigh, NC 27601
                Telephone: (919) 856-4530
                Facsimile: (919) 856-4821
                E-mail: John.Harris5@usdoj.gov
                NC State Bar No. 49253

CERTIFICATE OF SERVICE

I certify that I have on this 8th day of October, 2021, served a copy of the foregoing Motion for Preliminary Order of Forfeiture upon counsel electronically via ECF:

Coy E. Brewer, Jr.
Email: coybrewer@lawyerbrewer.com


        G. NORMAN ACKER, III
        Acting United States Attorney


        BY: /s/ John E. Harris
            JOHN E. HARRIS
        Assistant United States Attorney
        Attorney for Plaintiff
        Civil Division
        150 Fayetteville Street, Suite 2100
        Raleigh, NC 27601
        Telephone: (919) 856-4530
        Facsimile: (919) 856-4821
        E-mail: John.Harris5@usdoj.gov
        NC State Bar No. 49253

6

Case 5:20-cr-00474-D   Document 36   Filed 10/08/21   Page 6 of 6